UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

IN RE VARIOUS SOCIAL SECURITY CASES AFFECTED BY THE SIXTH CIRCUIT DECISION IN *HICKS V. BERRYHILL*, NO. 17-5206,

Civil Case Nos.
0:16-cv-062-JMH
5:16-cv-128-JMH
5:16-cv-351-JMH
5:17-cv-169-JMH
6:16-cv-184-JMH
6:16-cv-298-JMH
6:17-cv-006-JMH
7:16-cv-035-JMH
7:16-cv-076-JMH
7:16-cv-096-JMH
7:16-cv-167-JMH
7:16-cv-171-JMH
7:16-cv-181-JMH
7:16-cv-194-JMH
7:16-cv-233-JMH
7:16-cv-245-JMH
7:16-cv-270-JMH
7:16-cv-272-JMH
7:16-cv-286-JMH
7:16-cv-287-JMH
7:16-cv-298-JMH
7:17-cv-016-JMH
7:17-cv-022-JMH
7:17-cv-092-JMH
7:17-cv-107-JMH
7:17-cv-129-JMH
7:17-cv-131-JMH

**MEMORANDUM OPINION AND ORDER**

***

These matters come before the Court on the Commissioner's motions to remand pursuant to sentence six of 42 U.S.C. § 405(g) in the above-captioned cases. For the following reasons, the Court will deny the Commissioner's motions to remand pursuant to sentence

six of 42 U.S.C. § 405(g) and remand the above-captioned cases under sentence four of 42 U.S.C. § 405(g).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The above-captioned cases arise from the plaintiffs, with the assistance of former attorney Eric C. Conn, being awarded Social Security disability benefits. Subsequently, the Social Security Administration's ("SSA") Office of the Inspector General ("OIG") developed reason to believe Conn, Administrative Law Judge David Daugherty, and four examining doctors, Bradley Atkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., and David P. Herr, D.O., had participated in a fraudulent scheme to obtain benefits for Conn's clients, including the plaintiffs in the above-captioned cases.[1] *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 794 (6th Cir. 2018). On May 12, 2015, after the OIG investigated the suspected fraudulent conduct further and identified 1,787 individuals whose applications appeared to be tainted by fraud, the OIG advised the SSA that it could move forward with redetermining the affected claimants' eligibility for benefits under 42 U.S.C. §§ 405(u) and 1383(e)(7)(A)(i). *Id.* "In particular, the OIG . . . 'ha[d] reason to believe that Mr. Conn or his firm submitted pre-completed 'template' Residual Functional Capacity

[1] Conn, Daugherty, and Dr. Bradley Adkins were convicted of various criminal charges arising out of this scheme. *See* Lexington Criminal Action Nos. 5:16-cr-022; 5:17-cr-043; 5:17-cr-104; 5:17-cr-066; 5:18-cr-059.

["RFC"] forms purportedly from [the four doctors identified above], dated between January 2007 and May 2011, in support of the individuals' applications for benefits.'" *Id.*

On May 18, 2015, the Commissioner sent letters to the plaintiffs in the above-captioned cases, and approximately 1,500 similarly situated individuals, explaining:

> [T]he SSA needed to redetermine plaintiffs' eligibility for benefits because "there was reason to believe fraud was involved in certain cases involving [Adkins, Ammisetty, Huffnagle, and Herr]," one or more of these doctors "provided evidence" in plaintiffs' cases, and the ALJ (i.e., Daugherty) "previously used that evidence to find [plaintiffs] disabled."

*Id.* (citations omitted). "The letters further explained that during the redetermination process, the SSA 'must disregard any evidence from one of the medical providers above when the information was submitted by representative Eric C. Conn or other representatives associated with Mr. Conn's law office.'" *Id.* at 794-95. "Notably, in redetermining plaintiffs' eligibility for benefits, the SSA excluded all evidence submitted by Adkins, Ammisetty, Huffnagle, and Herr—not just the RFC forms that the OIG had identified as possibly fraudulent in its referral to the SSA." *Id.* at 795 (footnote and citations omitted). "Beyond the RFC forms, the four doctors had submitted evidence detailing their examinations of plaintiffs, including any testing that they had performed and behavioral observations they had made." *Id.* Upon

redetermination, the Commissioner found the plaintiffs were not eligible for benefits. *Id.* at 795.

The plaintiffs and many similarly affected individuals filed lawsuits alleging the SSA's redetermination process was unlawful. Judges in this Court issued conflicting rulings, and the issue was appealed to the United States Court of Appeals for the Sixth Circuit. *Id.* at 796. In *Hicks*, a split panel of the Sixth Circuit held in pertinent part, "The Due Process Clause of the Constitution and the Administrative Procedure Act required the SSA to allow plaintiffs an opportunity to show why the medical reports uniformly and entirely disregarded in their redetermination proceedings were not, in fact, tainted by fraud." *Id.* at 813. Furthermore, the Sixth Circuit held, "[T]he plaintiffs are entitled to summary judgment on their due-process claim." *Id.* at 792.

Specifically regarding the SSA's requirements under the Administrative Procedures Act ("APA"), "[T]he APA provides that '[w]hen an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary.'" *Id.* at 805 (citing 5 U.S.C. § 556(e)). In *Hicks,* the Sixth Circuit found that plaintiffs similarly situated to those presently before this Court "have provided evidence demonstrating that the ALJs assigned to plaintiffs' redetermination hearings essentially rejected the only remaining medical opinions that

could have established plaintiffs' claims based on the OIG's off-the-record determination that the records involved fraud—determinations plaintiffs had no opportunity to rebut or contest." *Id.* Furthermore, the Sixth Circuit stated that in cases like those presently before this Court, where "the SSA's procedures failed to comply with the APA's formal-adjudication requirements," such as those found in 5 U.S.C. § 556(e), "the ALJ's failure to comply with § 556 would require reversal of the ALJ's determination and remand for further fact-finding unless the error was harmless." *Id.* at 805 (citing *Dixie Fuel Co., LLC v. Dir., Office of Workers' Comp. Programs*, 820 F.3d 833, 846 (6th Cir. 2016); *Baker v. Dir., Office of Workers' Comp. Programs*, 980 F.2d 729, 1992 WL 361287, at *2 (6th Cir. 1992)). "[The Sixth Circuit] held in *Baker* that the ALJ's error was not harmless because the ALJ 'essentially rejected the only remaining medical opinion that could have established [the plaintiff's claim]' based, in part, on his assessment of the drafting physician's qualifications, which were not included in the record." *Id.* at 805-06 (citing *Baker*, 1992 WL 361287, at *2). Accordingly, in *Hicks*, the Sixth Circuit, finding plaintiffs such as those presently before this Court are like the plaintiff in *Baker*, stated the following:

> [P]laintiffs have provided evidence demonstrating that the ALJs assigned to plaintiffs' redetermination hearings essentially rejected the only remaining medical opinions that could have established plaintiffs' claims based on the OIG's off-the-record determination that the

> records involved fraud—determinations plaintiffs had no opportunity to rebut or contest. The SSA's process therefore fails under the APA.

*Id.* at 806.

The above-captioned cases were stayed pending the Sixth Circuit's decision in *Hicks*. The stay remained in effect while the Commissioner sought rehearing or en banc consideration in the Sixth Circuit, which was denied. While still considering whether to file a petition for a writ of certiorari to the United States Supreme Court regarding the *Hicks* decision, the Commissioner moved to remand the above-captioned cases to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g).[2] The plaintiffs contend remand should be under the fourth sentence of § 405(g).

## II. DISCUSSION

Sentences four and six of 42 U.S.C. § 405(g) are the only kinds of remand permitted under the statute. *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). Sentence four of 42 U.S.C. § 405(g) states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,

---

[2] While the Court does not find the Commissioner is judicially estopped from arguing in favor of remand under sentence six, the Commissioner's position is weakened by her previous concession that "the circumstances described in sentence six [were] not present" in *Hicks v. Commissioner of Social Security*, 7:16-cv-154-ART, Record No. 59 n.4.

with or without remanding the cause for a rehearing." Sentence six provides the following:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Accordingly, under sentence four, the Court may make a substantive ruling regarding the correctness of the Commissioner's decision and enter a corresponding judgment either affirming, modifying, or reversing the decision. On the other hand, the Court may remand under sentence six in the two following scenarios: (1) Before filing a response in an action, the Commissioner may request remand in a motion that shows good cause for the remand; or (2) When new evidence comes to light that was both unavailable to the claimant at the time of the administrative proceeding and may have changed the outcome of the prior proceeding, and there is good cause shown for failing to incorporate the evidence into the record in the prior proceeding. For the following reasons, the Court will remand the above-captioned cases under sentence four.

**A. APPROPRIATE SENTENCE FOR REMAND**

"[A] sentence-four remand is based upon a determination that the Commissioner erred in some respect in reaching the decision to

deny benefits." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). Where the Commissioner "'has failed to provide a full and fair hearing, to make explicit findings, or to have correctly [applied] the law and regulations,'" a district court may remand under sentence four in conjunction with a judgment affirming, modifying, or reversing the administrative decision. *Melkonyan*, 501 U.S. at 101 (quoting H.R. Rep. No. 96-100, at 13 (1979)). While a district court retains jurisdiction following a sentence six remand, a sentence four remand is a final and appealable order, and the district court's entry of judgment after a sentence four remand terminates the district court's jurisdiction over the case. *See Jackson,* 99 F.3d at 1095 (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990); *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)). Moreover, "A judgment of remand on sentence-four grounds is a final judgment under the EAJA, and it usually starts the EAJA attorney's fees application filing period running." *Id.* (citing *Melkonyan,* 501 U.S. at 102).

As previously mentioned, in *Hicks*, the Sixth Circuit held that plaintiffs such as those in the above-captioned cases "are entitled to summary judgment on their due-process claim." *Hicks,* at 909 F.3d at 792. Additionally, the Sixth Circuit found that in cases such as those presently before this Court, "[T]he ALJ's failure to comply with § 556 would require reversal of the ALJ's determination and remand for further fact-finding unless the error

was harmless." *Id.* at 805 (citing *Dixie Fuel Co., LLC*, 820 F.3d at 846; *Baker*, 1992 WL 361287, at *2). Since the Sixth Circuit found that, like the ALJ's error in *Baker*, the ALJs' errors in the above-captioned cases were not harmless, the ALJs' redetermination hearings should be reversed and remanded.

Reversal of the ALJs' redetermination hearing decisions in the above-captioned cases requires remand be under sentence four. The possibility that new evidence may be introduced does not preclude the Court from remanding under sentence four. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) ("[R]emands under both sentence four and sentence six of § 405(g) can involve the taking of additional evidence."). Moreover, even in the above-captioned cases where the SSA has yet to file an answer or other responsive pleading, this Court may not remand under sentence six because pursuant to the Sixth Circuit's decision in *Hicks*, the ALJs' redetermination hearing decisions in the above-captioned cases violated the Due Process Clause of the Constitution and the APA, *Hicks*, 909 F.3d at 813, which necessitates reversal of those decisions. Furthermore, the *Hicks* decision was a "substantive ruling" that the ALJs erred in making their redetermination hearing decisions, so remanding under sentence six due to arguably new evidence coming to light would be inappropriate. *See Melkonyan*, 501 U.S. at 100 ("Under sentence six, the district court may remand in light of additional evidence

*without making any substantive ruling as to the correctness of the Secretary's decision*, but only if the claimant shows good cause for failing to present the evidence earlier.") (emphasis added); *see also Jackson*, 99 F.3d at 1095. Therefore, the Court may not remand under sentence six. Instead, the SSA's failure to provide full and fair hearings and comply with the Due Process Clause of the Constitution and the APA requires that this Court reverse the ALJs' redetermination hearing decisions and remand the above-captioned cases under sentence four for further proceedings consistent with the Sixth Circuit's decision in *Hicks. See Melkonyan*, 501 U.S. at 101 (quoting H.R. Rep. No. 96-100, at 13 (1979)).

**B. REINSTATEMENT OF BENEFITS**

One final consideration remains: does remand under sentence four require reinstatement of the plaintiffs' Social Security benefits?

In *Mathews v. Eldridge*, the United States Supreme Court explained that "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." 424 U.S. 319, 332 (1976). An individual's interest in continued receipt of Social Security "benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Id.* at 333.

At bottom, procedural due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Here, the Sixth Circuit's holding in *Hicks* requires that the plaintiffs' benefits be reinstated and that the plaintiffs be returned to the status quo during continued redetermination proceedings. As previously discussed, in *Hicks*, the majority held that "the SSA's procedures violate the long-standing principles of procedural due process that predate the *Mathews* test." *Hicks*, 909 F.3d at 797. Moreover, the majority also concluded that the plaintiffs would prevail under *Mathews*. *Id.* Thus, the *Hicks* decision granted summary judgment for the plaintiffs and reversed the Commissioner's determination based on violation of the plaintiffs' procedural due process rights.

It follows, then, that if the SSA violated the plaintiffs' procedural due process rights that SSA must reinstate the plaintiffs' benefits until the appropriate due process is provided. Any other result would be inapposite. It would be illogical to grant summary judgment for the plaintiffs based on a procedural due process violation but then allow the government to continue to deprive the plaintiffs of a protected property interest while the plaintiffs await the due process to which they are legally entitled. Ultimately, the SSA may not discontinue the

plaintiffs' Social Security benefits until it has provided the basic procedural due process protections outlined in the *Hicks* decision.

This result is also supported by Judge Amul R. Thapar's previous decision in *Hicks* at the district court level. In a memorandum opinion clarifying that the Court's opinion was a reversal of the Commissioner's determination, Judge Thapar explained that "[t]he SSA must therefore return Hicks to the position she was in before the agency's decision." *Hicks v. Berryhill*, No. 16-cv-154-ART, 2017 WL 1227929, at *3 (E.D. Ky. Mar. 31, 2017). Judge Thapar reached this conclusion for two reasons.

One, Judge Thapar explained that the SSA's regulations require that the SSA resume payment of benefits if the Commissioner's redetermination decision is reversed. *Id.* SSA regulations require that a recipient of SSDI and SSI benefits receive a hearing before benefits are terminated. *See* Soc. Sec. Admin., *Hearings, Appeals, and Litigation Law Manual* ("HALLEX") § I-1-3-25(C)(5). But here, the plaintiffs did not receive a hearing that comported with the basic tenants of procedural due process.

Two, it appears that the Commissioner agreed to reinstate Hicks's benefits if Judge Thapar's opinion was in fact a reversal of the Commissioner's redetermination decision. *See id.*

Three additional considerations warrant discussion.

First, some authorities suggest that this Court may not award benefits if all essential factual issues have not been resolved. In *Faucher*, the Sixth Circuit explained that "the [district] court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." 17 F.3d at 176. But *Faucher* is easily distinguished from these cases. The *Faucher* decision addressed a district court's *award* of benefits at the initial disability determination stage, not *reinstatement* of benefits after a violation of procedural due process. Here, the cases before the Court are instances where the plaintiffs were determined to be disabled and their disability benefits were terminated during the redetermination process. As such, the Court is not *awarding* benefits here in the first instance. Instead the Court is simply requiring *reinstatement* of benefits that were taken from plaintiffs without due process.

In fact, application of the *Faucher* rule in this case would make little sense seeing as the defect with the Commissioner's determination is based on the violation of due process as a matter of law, not based on an unresolved issue of fact or review of the record. Preventing courts from reinstating benefits based on procedural due process defects during redetermination proceedings would make little sense. Such a rule would render courts unable to remedy procedural due process violations by the SSA. Even if Courts

do not have the authority to award benefits in the first instance if essential factual issues are unresolved, surely courts may reinstate benefits after finding an unlawful deprivation of benefits by an administrative agency.

Second, the Court acknowledges that a statement in a well-reasoned decision by Chief Judge Karen K. Caldwell seems to suggest that reinstatement of benefits is not required, even if the court finds for the plaintiffs on the due process claim. Previously, some of the plaintiffs filed motions for preliminary injunctions, requesting that the Court require the SSA to continue issuing benefits during the pendency of the appeals of the Commissioner's decision. In the order denying the motions for preliminary injunctions, Judge Caldwell stated:

> [E]ven if the Court were to find in favor of Plaintiffs' due process claims (or any other substantive claim), the ultimate remedy Plaintiffs seek—the reinstatement of their previously awarded benefits—is not something the Court would provide even in a final decision on the merits in this action. To resolve any potential infirmity in the redetermination process, the most likely relief this Court would award to Plaintiffs would be to remand the decision for the ALJ to hold a supplemental hearing to allow Plaintiffs the opportunity to dispute the alleged fraud in the previously excluded evidence. It would not be to completely re-do the redetermination process, nor would it be to reverse the ALJ's decision to eliminate Plaintiffs' benefits out of hand. *See Hicks*, No. 16-cv-154-ART, D.E. 36 at 32 (E.D. Ky. Oct. 12, 2016).

*Wombles v. Colvin*, No. 7:16-cv-079-KKC, DE 16 at 4, Pg ID 227 (E.D. Ky. Dec. 7, 2016). Still, after considering the context of this

statement and accounting for subsequent legal developments, there are various reasons that this statement does not impact the reinstatement of benefits at present.

One, Judge Caldwell seems to have based this conclusion on Judge Thapar's October 12, 2016, decision in *Hicks*. But Judge Caldwell's order was entered in December 2016, before Judge Thapar entered an order on March 31, 2017, which clarified that his decision did reverse the Commissioner's redetermination decision, requiring continuance of Hicks's benefits. *See Hicks*, 2017 WL 1227929, at *3. Thus, it is unclear if Judge Caldwell would have reached the same conclusion after Judge Thapar clarified his earlier decision.

Two, Judge Caldwell's order was entered before the Sixth Circuit's decision in *Hicks*. Again, it is unclear if Judge Caldwell would have reached the same conclusion after the Sixth Circuit's decision holding that the Commissioner's redetermination procedures violated the plaintiffs' due process rights.

Three, Judge Caldwell was considering motions for preliminary injunctions, which require courts to weigh four factors, including the likelihood of success on the merits and the risk of immediate irreparable harm. When Judge Caldwell entered her decision, courts in the Eastern District of Kentucky had split on the plaintiffs' due process claims. This likely made consideration of likelihood of success on the merits difficult.

As a result, after considering the context of the statement quoted above and subsequent legal developments in the Conn cases, it appears that Judge Caldwell's statement in *Wombles* has little, if any effect on the present determination on reinstating benefits to the plaintiffs in the above-captioned cases.

Third, this result does not indicate that the plaintiffs are in fact disabled or that the plaintiffs will be entitled to SSDI or SSI benefits after additional proceedings. The Sixth Circuit's holding is based on the government's violation of the basic tenants of procedural due process, not a finding that the plaintiffs are in fact disabled. Essentially, the Sixth Circuit's holding stands for the proposition that the plaintiffs are entitled to an opportunity to rebut the Commissioner's finding that all the evidence submitted by four doctors who participated in Conn's fraudulent scheme was tainted with fraud and challenge the Commissioner's decision to disregard all medical evidence submitted by these doctors. Still, there is no dispute that some of the evidence submitted by former Conn clients was tainted with fraud. It is possible that the plaintiffs, once provided this required process, will be deemed ineligible for SSDI and SSI benefits and ultimately have their benefits terminated. The government must return the plaintiffs to the status quo until they are afforded an opportunity to challenge the Commissioner's decision to disregard medical evidence submitted by certain

doctors, but that does not necessitate a finding that the plaintiffs will be entitled to benefits after additional redetermination proceedings.

In sum, the Sixth Circuit held that the Commissioner's determination that the plaintiffs were not disabled must be reversed because the redetermination process violated the plaintiffs' procedural due process rights. Thus, it follows that this procedural due process violation resulted in a deprivation of a property interest without due process, which necessitates additional proceedings and reinstatement of the benefits which were terminated without due process. As a result, the SSA must reinstate the plaintiffs' benefits and return the plaintiffs to the status quo before the Commissioner's determinations in these cases. Additionally, the SSA must also adjust any overpayment that it has sought from the plaintiffs in the above-captioned cases until it proves through a valid hearing that they are not entitled to benefits. *Cf. Califano v. Yamasaki*, 442 U.S. 682, 705-06 (1979).

## III. CONCLUSION

The Court, having considered the matters fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) The Commissioner's motions to remand pursuant to sentence six of 42 U.S.C. § 405(g) are **DENIED**;

(2) The Commissioner's decisions denying the plaintiffs' disability claims on redetermination are hereby **REVERSED**;

(3) The plaintiffs' requests to reinstate benefits pending the Commissioner's decision on remand are **GRANTED** consistent with this opinion;

(4) Pursuant to sentence four of 42 U.S.C. § 405(g), these matters are **REMANDED** to the SSA for further proceedings consistent with the Sixth Circuit's decision in *Hicks v. Commissioner of Social Security*, 909 F.3d 786 (6th Cir. 2018);

(5) These matters are **STRICKEN** from the active docket of this Court, to be restored to the active docket upon motion by any party for good cause shown;

(6) Any pending requests for relief in these actions are **DENIED AS MOOT**;

(7) This is a **FINAL AND APPEALABLE ORDER** and there is **NO JUST CAUSE FOR DELAY**; and

(8) A separate judgment will this date be entered.

This, the 11th day of July, 2019.




**Signed By:**

***Joseph M. Hood*** JMH

**Senior U.S. District Judge**